**VAELUA SEPULONA for Herself and as Guardian of
MALAKI SA'O, a Minor, Plaintiffs**

**v.**

**MAU MAU, JR., PAUL YOUNG, and DOES I-V, Defendants**

High Court of American Samoa
Trial Divisions

CA No. 28-91

September 9, 1992

Before KRUSE, Chief Justice, MATA'UTIA, Associate Judge, and
LOGOAI, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
 For Defendants, Michael R. O'Connor, Assistant
 Attorney General

Plaintiffs, a mother and her minor son, seek damages from the defendants Mau Mau, Jr., and Paul Young, police officers, alleging unlawful entry into their family home and wrongful arrest and assault on the minor in May 1990. The testimony was poles apart; however, we find the police officers to be more credible. Our overall impression from plaintiffs' testimony was that of fabrication. While the place of the alleged arrest is stated in the verified complaint as "a friend's home in Fagatogo," the minor, who is now 16 years of age, testified that he was arrested by officers other than the defendants while he was sitting in front of Sam Scanlan's store. He also testified that he was then beaten by Officer Young with a chair, testimony which his mother attempted to corroborate by testifying that she had subsequently taken her son to the hospital where he was required to undergo x-rays and was treated for cuts and abrasions. The minor's hospital records, however, failed to disclose any hospital treatment around the time frame of the alleged beating. Rather, the hospital's records revealed treatment for injuries

which were attributable to claimed police brutality which occurred some four months *after* the complaint here was filed on March 12, 1991. The records further revealed that most of the minor's hospital visits were related to injuries noted as having resulted from beatings by either his father or his uncle.

The minor is well-known to the police. The credible evidence shows that one Sunday morning in late May 1990, the minor was brought into the station by another Fagatogo youth, who told the police that the minor knew something about the burglary of Chen's store, which the police were in the process of investigating at the time. The minor was referred to Officer Mau; Officer Young would work a different shift that day. After questioning by Officer Mau, the minor told the officer that he had some money hidden at his home, which is located on the steep rise immediately behind the station. The minor then led Officers Mau and Tafa Vili in a hike up the hill to his home. When they arrived there, they met the minor's mother and informed her of the purpose of their visit; they asked permission to enter the home (an open fale-type structure), and the mother consented. After a feigned search by the minor, he then informed the officers that he had hidden the loot outside in the yard. Another pretense of looking for something under a rock pile outside the house ended with the minor running away and the officers then realizing that they had been taken on a wild-goose chase.

We conclude on the evidence that there was no arrest by the officers; that there was no entry into plaintiffs' home without permission; and that there was no beating of the minor by the officers. The complaint is dismissed, and plaintiffs shall take nothing thereby.

It is so ordered.